IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MR. TERRICK NOONER,<br><br>           Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, QUINN ROBERT EATON, and MS. MARNIE JENSEN,<br><br>           Defendants. | 8:19CV360<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on three motions filed by Plaintiff Terrick Nooner ("Plaintiff" or "Nooner"). (Filing Nos. 10, 11, & 12.) On August 30, 2019, the court entered an order (filing no. 9) granting Nooner leave to proceed in forma pauperis ("IFP") and directing him to pay an initial partial filing fee of $5.20. Nooner has not yet paid his initial partial filing fee and, thus, the court is inclined to deny his motions without prejudice to reassertion as premature. However, upon further review, the court finds that its August 30, 2019 Memorandum and Order was entered in error because Nooner has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"). Therefore, the court will vacate the prior order granting Nooner leave to proceed IFP and require him to show cause why this case should not be dismissed pursuant to the three strikes provision in 28 U.S.C. §1915(g). Nooner's three motions will also be denied.

**I. The PLRA Three Strikes Provision**

As stated in the PLRA, a prisoner cannot

> bring a civil action . . . or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The court takes judicial notice that the United States District Courts for both the Eastern and Western Districts of Arkansas have previously determined that three or more federal court cases brought by Nooner, while a prisoner, were dismissed as frivolous or for failure to state a claim. *See, e.g.*, Nooner v. Bryant, No. 1:19-CV-01014, 2019 WL 2016541 (W.D. Ark. May 7, 2019) (dismissed based on three strikes rule); *Nooner v. Dickey*, No. 5:01-cv-00379, slip op. at 3 (E.D. Ark. Jan. 14, 2002) (strike for failure to state a claim); *Nooner v. Eisele, et al.*, No. 4:01-cv-00498 (E.D. Ark. Aug. 16, 2001) (dismissed based on three strikes rule); *Nooner v. Fed. Bureau of Investigation*, No. 4:99-cv-00544, slip op. at 2 (E.D. Ark. Sept. 20, 1999) (strike for failure to state a claim); *Nooner v. Camp*, No. 5:98-cv-00345, slip op. at 1-2 (E.D. Ark. Aug. 20, 1998) (dismissed based on three strikes rule). Nooner does not allege he is in imminent danger of serious physical injury.

In light of the foregoing, the court will vacate its order granting Nooner leave to proceed IFP and give him 30 days in which to show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, Nooner may pay the full $400.00 filing and administrative fees. In the absence of good cause shown, or the payment of the necessary fees, this action will be dismissed.

## II. PLAINTIFF'S PENDING MOTIONS

As the issue of whether Nooner may proceed IFP in this action is not yet resolved, the three motions he filed seeking, inter alia, (1) sanctions against Defendants for failing to investigate his lack of jurisdiction claim (filing no. 10), (2) production of

documents, electronically stored information, and other discovery (filing no. 11), and (3) a preliminary injunction against the State of Arkansas "for a[n] immediate restraint against nuisance" related to his allegedly unlawful confinement in Arkansas custody (filing no. 12), are premature.

Before this matter may proceed, the question of Nooner's authorization to proceed IFP must be resolved or payment of the full $400.00 filing and administrative fees is required. If Nooner is permitted to proceed IFP or payment is made, the court is required to review Nooner's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The court has not yet conducted an initial review of Nooner's Complaint pursuant to section 1915(e). No discovery may take place in this case and no sanctions, where warranted, may be imposed on Defendants unless the court determines that this matter may proceed to service of process. Thus, Nooner's motions for sanctions (filing no. 10) and discovery (filing no. 11) are denied without prejudice to reassertion.

With respect to Nooner's motion for a preliminary injunction, he appears to seek an injunction transferring him out of Arkansas custody based on the Arkansas government's violation of his due process rights in his criminal prosecution for theft of property and failure to investigate sexual misconduct against Nooner while incarcerated. (Filing No. 12.) The court finds Nooner's request for a preliminary injunction should be denied as Nooner does not seek an injunction against any of the named Defendants in

this action and the requested injunction bears no relation to the allegations of Nooner's Complaint. (*See* Filing No. 1.) In addition, Nooner's motion fails to satisfy the standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The court has carefully reviewed the record and finds that Nooner's allegations in this matter do not entitled him to preliminary injunctive relief. Nooner has not demonstrated that he faces a threat of irreparable harm, but rather only complains about alleged past harms. Accordingly, Nooner's motion for a preliminary injunction (filing no. 12) is denied.

IT IS THEREFORE ORDERED:

1. The court's Memorandum and Order granting Plaintiff leave to proceed IFP (filing no. 9) is set aside and vacated.

2. Plaintiff has 30 days to either show cause for why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or pay the court's $400.00 filing and administrative fees.

3. Plaintiff's pending motions (filing nos. 10, 11, & 12) are denied.

4.	The clerk's office is directed to set a pro se case management deadline in this matter with the following text: **October 16, 2019**: deadline for Plaintiff to show cause or pay fees.

Dated this 16th day of September, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge